UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
I.D. IMAGES, LLC,                         :      CASE NO. 1:18-CV-2177
                                          :
        Plaintiff,                        :
                                          :
vs.                                       :      OPINION & ORDER
                                          :      [Resolving Docs. 23, 24]
MERITAIN HEALTH, INC.,                    :
                                          :
        Defendant.                        :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

After a contract dispute arising from Defendant's administration of Plaintiff's health plan, Plaintiff brings this action to vacate an arbitration award in Defendant's favor. Plaintiff now moves to vacate the award[1] and Defendant moves to confirm the award.[2]

For the following reasons, the Court **DENIES** Plaintiff's motion to vacate and **GRANTS** Defendant's motion to confirm the award.

## I. Background

### A.    History

Plaintiff I.D. Images, LLC provided a health care plan to its employees. Defendant Meritain Health, Inc. acted as its third-party administrator. The parties entered into an Administrative Services Agreement (the "Agreement") governing Meritain's administration of the plan. This Agreement required Meritain to submit certain medical claims to the company's stop-loss insurers, Roundstone Management, LTD and Nationwide Life

---

[1] Doc. 24. Defendant responds. Doc. 26.
[2] Doc. 23. Plaintiff responds. Doc. 25.

Case No. 1:18-cv-2177
Gwin, J.

Insurance Company. The Agreement also specified that it was governed by New York Law[3] and that the parties were required to submit any contract disputes to arbitration.[4]

The plan contains two seemingly overlapping benefit schedules regarding chemotherapy. The "Medical Schedule of Benefits" states that it covers "Chemotherapy: Services and supplies related to chemotherapy. Eligible expenses will be payable as shown in Medical Schedule of Benefits."[5] The "Specialty Pharmacy Program" purports to cover "specialty drugs," namely "high cost drugs used to treat chronic diseases including, but not limited to . . . Cancer."[6]

In 2014 and 2015, an I.D. Images employee underwent inpatient chemotherapy treatments at the Cleveland Clinic. The hospital sent invoices for these services to Defendant Meritain for payment, who paid them under the Medical Schedule of Benefits. Meritain then submitted claims for reimbursement to the plan's stop-loss insurers. The insurers reimbursed the health plan for eight treatments but denied coverage for the rest, arguing that the claims should have been submitted under the Specialty Pharmacy Program.[7] The unpaid claims totaled $398,182.26.[8]

In June 2016, Plaintiff brought a breach of contract suit against the stop-loss insurers in Ohio state court.[9] In that earlier lawsuit, Plaintiff ID Images argued that the chemotherapy charges were payable under the Specialty Pharmacy Program not the Specialty Pharmacy Program. I.D. Images' complaint alleged that the stop-loss insurers

---

[3] Doc. 21-1 at 11.
[4] *Id.* at 11.
[5] *Id.* at 109.
[6] *Id.* at 101.
[7] Doc. 21-2 at 418.
[8] *Id.* at 895.
[9] *Id.* at 435.

-2-

Case No. 1:18-cv-2177
Gwin, J.

"had no reasonable justification for their position" that the claims were payable under the Specialty Pharmacy Program instead of being payable under the Medical Schedule of Benefits.[10] In August 2017, I.D. Images settled the lawsuit for $335,000.[11]

### B. The Arbitration

Plaintiff then commenced an arbitration action against Defendant Meritain in September 2017, seeking litigation costs and damages under the Agreement's indemnification provision.[12] After discovery, the parties each sought the arbitrator's summary judgment.[13]

In their summary judgment briefing, Plaintiff I.D. Images made two principal arguments. First, Plaintiff argued that Meritain breached Agreement Section 6.10, which provides that "[i]f adjudication of a Claim requires interpretation of ambiguous Plan language, and [I.D. Images] has not previously indicated to Meritain the proper interpretation of such language, then [I.D. Images] shall be responsible for resolving the ambiguity or any other dispute arising therefrom."[14] Second, Plaintiff argued that the "clear and unambiguous" terms of the plan required Meritain to submit the chemotherapy claims under the Specialty Pharmacy Program, not under the Medical Schedule of Benefits.[15]

In response to the arbitrator, Defendant Meritain argued that the Agreement's indemnification provision limited its liability to losses caused by gross negligence, bad faith, or willful misconduct.[16] It also argued that submission of chemotherapy bills under

---

[10] *Id.* at 442.
[11] Doc. 12-3 at 2.
[12] Doc. 21-1 at 343.
[13] *Id.* at 185-246.
[14] *Id.* at 8.
[15] *Id.* at 200.
[16] *Id.* at 11.

-3-

the Medical Schedule of Benefits was correct, and that Plaintiff had admitted as much in the Ohio breach-of-contract action.[17]

### C. The Arbitrator's Decision

On June 27, 2018, the arbitrator granted summary judgment for Defendant Meritain. The arbitrator gave two reasons for this decision: he first found that "[t]here is no evidence to support a finding that any of Meritain's acts or omissions . . . constituted bad faith, willful misconduct, or gross negligence, which is required for recovery under the agreement."[18] Second, he found that "[t]he admissions in the Ohio [breach-of-contract] action that Meritain's request for reimbursement to [the stop-loss insurers] were properly based upon the Medical Schedule of Benefits—and not under the [Specialty Pharmacy Program]—are conclusive."[19]

Plaintiffs then brought this suit.[20]

## II. Discussion

### A. Legal Standard

The Court's arbitration award review is extremely narrow. "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision."[21] The Court may only disturb the arbitrator's award where it: "(1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived

---

[17] *Id.* at 242.
[18] *Id.* at 182.
[19] *Id.*
[20] Doc. 1.
[21] *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

from the agreement; or (4) it is based on 'general considerations of fairness and equity' instead of the exact terms of the agreement."[22]

### B. The Arbitrator Arguably Construed the Contract

Plaintiff disputes the arbitrator's interpretation of the Agreement's indemnification clause, which provides in relevant part that:

> Meritain shall indemnify . . . against any and all claims, suits, actions, liabilities, losses, fines, penalties, damages and expenses of any . . . which [I.D. Images] may incur by reason of: (i) Meritain's gross negligence, willful failure to act or willful misconduct in the performance of its duties under the Agreement; (ii) Meritain's fraud or embezzlement or other financial willful misconduct related to the Agreement; or (iii) Meritain's violation of any of the express warranties of Meritain contained herein . . . . Notwithstanding the foregoing, Client acknowledges and agrees that Meritain shall not be liable for any mistake of judgment or for any action taken in good faith[.][23]

Plaintiff now contends that Defendant's promise in Agreement Section 6.10 to consult with them regarding plan ambiguities[24] constitutes an "express warranty." The arbitrator's conclusion that Plaintiff lost because they failed to show any "bad faith, willful misconduct, or gross negligence"[25] seemingly rests on subsection (i) alone. Because he failed to address whether Defendant violated subsection (iii), Plaintiffs argue that his decision conflicts with the express terms of the contract.

It does not. The arbitrator's decision arguably construes the indemnification clause to limit Defendant's liability to *bad-faith* express warranty violations.[26] The concluding indemnification clause section states that "*[n]otwithstanding the foregoing*, [I.D. Images]

---

[22] *Solvay Pharm., Inc. v. Duramed Pharm., Inc.*, 442 F.3d 471, 482–83 (6th Cir. 2006).
[23] Doc. 21-1 at 10.
[24] *Id.* at 8.
[25] *Id.* at 182.
[26] *See Solvay* 442 F.3d at 476 (6th Cir. 2006) ("If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed.").

Case No. 1:18-cv-2177
Gwin, J.

acknowledges and agrees that Meritain shall not be liable for any mistake of judgment or for any action taken in good faith."[27] Because the arbitrator concluded that Defendant did not act in bad faith—a conclusion the Court does not disturb—Defendant would not be liable for breaching an express warranty on this interpretation.

Further, the arbitrator's failure to consider Plaintiff's alternative argument for indemnification under (iii) does not constitute "rewriting" the contract. His failure to address this argument is understandable, because Plaintiff's summary judgment briefing almost exclusively argued that Defendant's actions amounted to gross negligence or willful misconduct under subsection (i).[28]

This is enough to uphold the arbitrator's decision. However, the arbitrator's conclusion that Plaintiff had conceded the correctness of Defendant's contract interpretation in the Ohio action is binding and is sufficient alternative support for the arbitrator's decision.

As the arbitrator pointed out, Plaintiff sued its stop-loss insurers on the theory that the chemotherapy treatments should be submitted under the Medical Schedule of Benefits.[29] Reversing this position, in the arbitration Plaintiff then sought indemnification on the opposite theory—that the chemotherapy claims should have been submitted under the Specialty Pharmacy Program. Defendant argued that the Plaintiff's arguments in the Ohio action constituted judicial admissions under New York law, and the arbitrator decided that they were "conclusive" in the arbitration.

---

[27] Doc. 21-1 at 10 (emphasis added).
[28] *See, e.g.,* Doc. 21-1 at 209 ("Meritain [sic] actions in deviating from its duties under the Agreement were willful and/or grossly negligent."); *id.* at 272 ("Meritain is Obligated to Indemnify ID Images Due to its Gross Negligence and/or Willful Conduct.").
[29] *Id.* at 185.

Case No. 1:18-cv-2177
Gwin, J.

Plaintiff argues that this conclusion misconstrued New York judicial admission doctrine. However, even if the Court "believe[d] the arbitrator made a serious legal . . . error," it would not overturn the award.[30]

Further, the arbitrator's decision is legally plausible. On one hand, the apparent New York rule is that judicial admissions are only persuasive, not conclusive, in a separate and subsequent action.[31] In this respect, the arbitrator's conclusion that the Ohio action admissions were "conclusive" seemingly misstates the law.

However, judicial estoppel doctrine also supports the arbitrator's conclusion. Judicial estoppel bars a litigant from adopting a legal position contrary to one on which it prevailed in a previous proceeding. In *State Farm Mut. Auto. Ins. Co. v. Chandler*,[32] the plaintiffs accepted a $30,000 settlement from their own insurer on the theory that a contract's third-party-liability waiver was valid. The New York Second Department held that the same parties could not then sue on the opposite theory: "under the doctrine of judicial estoppel, the appellants cannot now challenge the validity of the disclaimer, a position inconsistent with its reliance on that very disclaimer as a basis to settle their [previous] claim."[33]

---

[30] *Solvay*, 442 F.3d at 476.
[31] *See Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015) ("[T]he general rule seems to be that a judicial admission only binds the party that makes it in the action in which it is made, not in separate and subsequent cases. (internal quotations marks omitted)); *Matter of Liquidation of Union Indem. Ins. Co. of New York*, 674 N.E.2d 313, 317 (N.Y. 1996) (judicial admissions "are not conclusive, though they are 'evidence' of the fact or facts admitted.").
[32] 827 N.Y.S.2d 207, 207 (N.Y. App. Div. 2006).
[33] *Id.*

Case No. 1:18-cv-2177
Gwin, J.

While some sources support Plaintiff's view that settlements not have judicial estoppel effect,[34] the Court is not free to correct the arbitrator's resolution of this legal issue.

Finally, the arbitration decision seems correct. The Plan says: "Chemotherapy: Services and supplies related to chemotherapy. Eligible expenses will be payable as shown in the *Medical Schedule of Benefits*." In contrast, the Specialty Pharmacy Program defines its coverage as: "Specialty drugs are high cost drugs used to treat chronic diseases, including, . . . Cancer . . . . Specialty drugs must be obtained directly from the specialty pharmacy program."

The arbitrator needed choose between two plausible arguments. The Plan said *chemotherapy* expenses are payable under the Medical Schedule of Benefits. The Plan also said that specialty cancer drugs were payable under the Specialty Pharmacy Program. The arbitrator could validly find that the specific direction for chemotherapy payment trumps the more general direction for chronic cancer drugs.

### III. Conclusion

For these reasons, the Court **DENIES** Plaintiff's motion to vacate the arbitration award and **GRANTS** Defendant's motion to confirm the award.


IT IS SO ORDERED.


Dated: April 1, 2019                                  *s/    James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[34] *In re Estate of Costantino*, 890 N.Y.S.2d 739, 7431 (N.Y. App. Div. 2009) ("[G]enerally, a settlement does not constitute a judicial endorsement of either party's claims or theories and thus does not provide the prior success necessary for judicial estoppel." (internal quotation marks omitted)).

-8-